## KENNEDY & GOUGH *vs.* MICHAEL TIERNAY.

An assignment of wages to fall due from any future employer, with whom no contract nor engagement for employment exists at the time of the assignment, is void. Such wages are a mere possibility, without conjoined interest, and not assignable.

A Justice Court in a case of garnishment gave judgment for a specific sum of money against the principal defendant and discharged the garnishee. The plaintiff appealed, assigning as reasons of appeal that the judgment was wrong, against the evidence, should be reversed, and should be given in his favor for the debt.

In the court above, the defendant contended that as the appeal and appeal bond stated that the matter appealed from was the judgment in the plaintiff's favor for the specific sum, and did not mention the discharge of the garnishee, the garnishee's discharge was *res adjudicata.*

*Held,* that the proceeding against the garnishee was incidental and subsidiary to the suit against the principal debtor, and that an appeal from the principal judgment brought up the garnishee's liability also.

EXCEPTIONS to the Court of Common Pleas.

The facts involved are stated in the opinion of the court. The assignment by the defendant to Michael Fitzpatrick, alluded to by the court, is as follows : —

" Know all men by these presents, that I, Michael Tiernay, of Pawtucket, in the county of Providence and State of Rhode Island, in consideration of a present indebtedness by me owing to Michael Fitzpatrick, of said Pawtucket, and for other good and valuable considerations to me moving from the said Fitzpatrick, do hereby give, sell, assign, transfer, and convey unto him the said Michael Fitzpatrick all and singular the money, wages, earnings, and personal estate of every kind now due to me from and in the hands and possession of the Slater Cotton Company, a corporation of said county, and all and singular the money, wages, and personal estate of every kind which I shall or may earn in the employ of said corporation, and which shall or may be in the hands or possession of the said corporation in any manner whatever during the continuance of this instrument, and which would or might become payable and deliverable to me if the assignment had not been made to the said Michael Fitzpatrick. And also including in this assignment and conveyance any and all moneys, wages, and personal estate whatsoever which I shall or may earn in the employ, and which may be in any manner in the hands and possession of any and all other corporations, partnerships, and persons or

person whomsoever during the continuance of this instrument, and which would or might become payable and deliverable to me if this assignment thereof had not been made.

" And the said Slater Cotton Company and all other the persons or person, firms and corporations aforesaid are hereby authorized and directed to make payment and delivery of all and singular the money, wages, earnings, and personal estate of every kind, and whenever and wherever the same or any part thereof shall or may become due, payable, and deliverable to him the said Michael Fitzpatrick, and his receipt therefor in his own name shall be a full and sufficient release and discharge for all moneys, wages, earnings, and personal estate so paid and delivered by virtue hereof.

" And I the said Michael Fitzpatrick, in the consideration of making of the foregoing assignment and conveyance, do hereby accept the same.

" In witness whereof we the parties aforesaid have hereunto subscribed our names and set and affixed our seals respectively, at Pawtucket aforesaid, on this sixteenth day of October, A. D. 1882.

" Executed in      " MICHAEL FITZPATRICK. [L. S.]
  presence of      " MICHAEL TIERNAY.      [L. S.] "
DANIEL LEE.

*June* 28, 1884.   MATTESON, J.   This is an action of *assumpsit*, originally brought in the Justice Court of Providence.   The writ was served by summoning the defendant, and also by attaching his personal estate in the hands, or possession, of the Providence Steam Mill, as his trustee.   The trustee made affidavit that it was indebted to the defendant in the sum of $20.16, and subsequently, in its answers to the interrogatories propounded by defendant's attorney, disclosed that this sum was claimed by Michael Fitzpatrick, by virtue of an assignment to him from the defendant, dated the 16th day of October, A. D. 1882.

The Justice Court gave judgment for the plaintiffs, but discharged the garnishee.   The plaintiffs thereupon appealed to the Court of Common Pleas, reciting in their reasons of appeal that they had recovered judgment in the Justice Court for, to wit, thirty dollars and costs of suit, and assigning as the only ground of their appeal that the judgment was wrong and erroneous and

against the evidence, and that it ought to be reversed and rendered in their favor for their debt, stated in the writ to be thirty two dollars and sixty cents, and costs.

The appeal was duly entered in the Court of Common Pleas, and being called for trial, the defendant submitted, and the court gave judgment for the plaintiffs for thirty two dollars and sixty cents and costs. On the plaintiffs' motion to charge the garnishee, the court ruled that the garnishee was not liable, and discharged it. To this ruling and judgment discharging the garnishee, the plaintiffs excepted.

The defendant contends that the question raised by the exception must be considered as *res adjudicata.* He argues, that inasmuch as the garnishee was discharged by the Justice Court, and as the appeal bond and reasons of appeal expressly state that the matter appealed from was the judgment awarding to the plaintiffs the specific sum set forth, and do not allege any error in the judgment discharging the garnishee, the question of the garnishee's liability must be regarded as having been finally settled by the Justice Court.

The argument, though plausible, is not valid. The court is not called upon to pass upon the liability of the garnishee, until the plaintiff has established his claim and obtained a judgment against the defendant. If the plaintiff fails in the suit against the defendant, the question of the garnishee's liability does not arise. The proceeding against the garnishee is, therefore, incidental or subsidiary to the suit, designed to secure to the plaintiff, if he prevails, payment of his judgment. Being a mere incident of the suit, an appeal from the principal judgment brings it up as a part of the suit.

We are of opinion that the court erred in its ruling discharging the garnishee. To make an assignment of wages to be earned valid, it is necessary that there should be a subsisting contract, or engagement, out of which the wages are to accrue. *Tiernay* v. *McGarity, ante,* p. 231, and cases cited. The record does not show that the sum due to the defendant from the garnishee for wages earned was so due under any contract or engagement, subsisting at the date of the assignment from the defendant to Fitzpatrick. So far from such being the fact, it may be fairly inferred

from the assignment that the defendant, at its execution, was in the employment of the Slater Cotton Company under a continuing engagement. Whether he would thereafter be employed by any other person was uncertain, a mere possibility. Though the instrument may have been a valid assignment of moneys due, or to become due, from the Slater Cotton Company, it was invalid in respect to earnings in the employment of others, between whom and the defendant no contract or engagement, as employer and employed, existed at its execution. Such earnings constituted a mere possibility, uncoupled with an interest, and were incapable of assignment. *Mulhall* v. *Quinn and Trustees*, 1 Gray, 105, 107 ; 2 Kent Comment. *468 [641, note (a), 10th ed.].

The exceptions are sustained. Judgment of the Court of Common Pleas against the defendant is affirmed with costs of this court. Judgment of the Court of Common Pleas discharging the garnishee is reversed and the garnishee charged in the sum of $20.16.

*Wood & Prendergast*, for plaintiffs.

*Thomas P. Barnefield*, for defendant.